802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEHMON WEBBER, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3164.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1986.
 
 Before: ENGEL and GUY, Circuit Judges; and SUHRHEINRICH,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Lehmon Webber appeals from a judgment of the United States District Court for the Northern District of Ohio which upheld the Secretary of Health and Human Services' final decision denying plaintiff's application for a period of disability and disability insurance benefits pursuant to 42 U.S.C. Secs. 416(i) and 423. On appeal, Webber contends that the district court erred in granting the Secretary's motion for summary judgment because there was not substantial evidence to support the Secretary's final decision denying his claim for disability benefits.
 
 
 2
 Lehmon Webber was born on November 12, 1925, and was fifty-six years old at the time of his hearing before the administrative law judge. He has an eleventh grade education, and has worked as a security guard for twenty-seven years at Republic Steel Corporation. He last worked at this employment on March 16, 1981, when he slipped on some ice and injured himself while at work.
 
 
 3
 Webber initially filed his application for benefits on August 24, 1981, claiming a disability by reason of an impairment in his neck and back which was described as a "spasm cervical [and] lumbar muscles (sciatic neuritis)." His application was denied initially and upon reconsideration. A hearing was then held before an administrative law judge on May 3, 1982, where Webber was represented by counsel. On July 24, 1982, the ALJ issued an opinion denying Webber's claim for benefits. The ALJ found that, although Webber's medically determinable impairments included "degenerative osteoarthritis in his cervical spine, lumbar spine, hands or other joints," he still maintainted the residual functional capacity to perform his past relevant work as a security guard. The ALJ's report became the final decision of the Secretary when the Appeals Council approved the decision on October 22, 1982. Webber sought to submit additional evidence to the Appeals Council on an alleged emotional disability, but the Council refused to vacate the decision because the record failed to indicate the presence of a significant emotional problem prior to the ALJ's decision. Webber then filed with the Appeals Council a request for remand dated January 17, 1983, based on this additional evidence. The Appeals Council refused to remand and reaffirmed its prior decision. Cross motions for summary judgment were then filed in the United States District Court for the Northern District of Ohio, Judge Alvin I. Krenzler presiding. On February 22, 1984, Judge Krenzler issued a Memorandum and Order, finding that the Secretary's final decision denying benefits was supported by substantial evidence and granting the Secretary's motion for summary judgment. On February 19, 1985, the district court determined that Webber had timely filed a notice of appeal of that court's judgment and on February 26, 1985, the district court granted Webber's request to appeal the decision of the district court in forma pauperis.
 
 
 4
 Webber has sought to represent himself in this appeal and accordingly the panel has had to scrutinize the record with particular care so that the absence of his counsel will not deprive him of the benefits which such advocacy would normally accord a litigant. In our review, we note that neither the administrative law judge nor the Secretary in his brief has cited Salmi v. Secretary of Health and Human Services, 774 F.2d 685 (6th Cir. 1985), wherein our circuit held that "an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work." Id. at 692.
 
 
 5
 In view of the findings of Webber's treating physician, Dr. R. R. Gould, we have serious reservations concerning the propriety of the ALJ's determination that Webber's back condition, combined with his emotional disorders, did not qualify as a "severe impairment" as that term is defined in Salmi. Nevertheless, we agree with United States District Judge Krenzler, in his opinion filed in the district court, that the findings of the ALJ that Webber had the capacity to return to his past relevant work as a security guard was supported by substantial evidence. Therefore, while the ALJ and the Appeals Council appeared to have halted their evaluation at the second level of the sequential evaluation process under the regulations, Webber's impairments, even though otherwise "severe," did not meet or equal a listed impairment in Appendix I and did not prevent him from returning to his past relevant work under the fourth level of the sequential evaluation process. See 20 C.F.R. Sec. 416.920 (1985).
 
 
 6
 Accordingly, for the reasons set forth in the careful opinion of Judge Krenzler, the judgment of the district court in upholding the decision of the Secretary is AFFIRMED.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation